

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AMERICAN DEVELOPMENT GROUP, LLC,

                Plaintiff,

            -against-

ISLAND ROBOTS OF FLORIDA and TERI
LOUISE CAPO,

                Defendants.
-------------------------------------------------------------------X

**ORDER**

17-CV-3223 (NGG) (PK)

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff American Development Group, LLC brought this diversity action against Defendants Island Robots of Florida ("Island Robots") and Teri Louise Capo, alleging various causes of action arising from a contract between the parties. (See Second Am. Compl. "SAC" (Dkt. 39).) Pursuant to this contract, Defendants were to provide Plaintiff with a robotic "Parking Garage Attendant" for use at the grand opening of a parking garage owned by Plaintiff. (Id.) The robot failed to perform as guaranteed by Defendants, however, and Defendants refused to accept return of the robot or to refund Plaintiff.[1] (Id.)

    Upon Plaintiff's application and in light of Defendant's failure to appear in or otherwise defend this action, the Clerk of the Court entered Defendant's default on October 11, 2017. (Entry of Default (Dkt. 26).) Currently pending before the court is Plaintiff's motion for default judgment. (Pl. Mot. for Default J. ("Mot.") (Dkt. 57).) The undersigned referred Plaintiff's motion to Magistrate Judge Peggy Kuo, who issued a report and recommendation ("R&R") that the court grant the motion in part and award damages. (R&R (Dkt. 66) at 1.)

---

[1] Judge Kuo's Report and Recommendation ("R&R") clearly sets forth the background of this case (R&R (Dkt. 66) at 2-8), and the parties have not objected to this statement of facts and procedural history. The court thus adopts the R&R in this respect and does not repeat that history in detail here.

1

In her R&R, Judge Kuo first found that this court has subject matter jurisdiction over this matter pursuant to the federal diversity statute, 28 U.S.C. § 1332, because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. (R&R at 9 (citing 28 U.S.C. § 1332(a)(1)).) Judge Kuo next determined that the court has personal jurisdiction over Defendants because Ms. Capo, despite her efforts to evade service, was properly served under Florida law.[2] (Id. at 10-12.) As to the merits, Judge Kuo applied New York law to determine that Plaintiff had adequately established its breach of contract and fraud claims (id. at 13-17), but that it had not established its breach of warranty claim (id. at 17-19). Finally, Judge Kuo found that Plaintiff had sufficiently stated a violation of New York's False Advertising Law, General Business Law § 350. (R&R at 19-21.)

No party has objected to Judge Kuo's R&R,[3] and the time in which to do so has passed, see Fed. R. of Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Having found no clear error, the court ADOPTS IN FULL the R&R and GRANTS IN PART Plaintiff's motion for default judgment. The court finds Defendants liable for Plaintiff's causes of action for fraud, breach of contract, and false advertising under G.B.L.

---

[2] As Judge Kuo noted, this service was also sufficient to effectuate service on Island Robots because, under Florida law, Island Robots is a fictitious entity effectively served through service to its registrant who at the relevant time was Ms. Capo. (See R&R at 12 (citing Ferrara Candy Co. v. Exhale Vapor LLC, No. 17-CV-512, 2018 WL 6261503, at *2 (M.D. Fla. Jan. 3, 2018)).)

[3] The court did receive a letter, addressed to Judge Kuo, from a Mr. Russ Martin. (See Oct. 14, 2019 Martin Letter (Dkt. 68).) As detailed by Judge Kuo, Mr. Martin is the "inventor" of the robots involved (R&R at 4) and claims to be the present registrant of Island Robots (see Oct. 14, 2019 Martin Letter). He also appears to have repeatedly been present at the address listed as Ms. Capo's residence. (See R&R at 11-12.) He is not a party to the present action, however, and cannot file an objection to the R&R; regardless, his letter raised no specific objections that would warrant de novo review. The court therefore declines to further consider this letter.

§ 350. Defendant is not liable as to Plaintiff's cause of action for violations of the Uniform Commercial Code.

For the foregoing reasons, and for the additional reasons laid out by Judge Kuo (see R&R at 21-27), Plaintiff is awarded damages as follows:

- $1,750 in compensatory damages for Plaintiff's fraud claim;
- $8,500 in general damages for Plaintiff's contract claim;
- $13,433 in attorneys' fees pursuant to Plaintiff's New York General Business Law § 350 claim;
- $3,925.90 in litigation costs;
- $746.35 in pre-judgment damages, plus $2.53 per day from May 22, 2017 to the date of judgment; and,
- Post-judgment interest as provided for in 28 U.S.C. § 1961, to run from the date of judgment until judgment is satisfied.

The Clerk of Court is respectfully DIRECTED to mail a copy of this Order to pro se Defendant Teri Louise Capo.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
November 4, 2019

NICHOLAS G. GARAUFIS
United States District Judge